**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHELIA BRECKENRIDGE, | : | |
| **Plaintiff,** | : | **Case No. 2:06-cv-1041** |
| v. | : | **Judge Holschuh** |
| FORUM AT KNIGHTSBRIDGE d/b/a SUNRISE SENIOR LIVING, INC., et al., | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Shelia Breckenridge filed suit against her former employer, Forum at Knightsbridge d/b/a Sunrise Senior Living, Inc., and Director Becky Converse, alleging numerous claims including wrongful termination and retaliation.  This matter is currently before the Court on Defendants' renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 37.  (Record at 52).

On March 25, 2008, the Court denied Defendants' previous motion to dismiss Plaintiff's claims as a sanction for failure to cooperate in discovery.  The Court gave Plaintiff "one final chance" to comply with previous discovery orders.  Plaintiff was to provide Defendants with previously requested materials no later than May 15, 2008, and to submit to deposition no later than June 30, 2008.  The Court warned her that "[n]o further extensions of time will be granted." (Memo. Op. & Order at 8).  The Order further stated, "Plaintiff is warned that her failure to fully comply with this Order will result in immediate dismissal of this lawsuit with prejudice."  (Id. at 9).  Despite the Court's Order, Plaintiff nevertheless moved for a thirty-day extension of time. The Court denied her request.

On May 22, 2008, Defendants renewed their motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), which permits the Court to dismiss an action when a party fails to comply with a discovery order.[1]  According to Defendants, Plaintiff has failed to comply with this Court's March 25, 2008 Order.  Plaintiff has not filed a memorandum in opposition to Defendants' motion within the time allotted by the local rules. The renewed motion to dismiss therefore stands unopposed.

In determining whether dismissal is an appropriate sanction under Rule 37, a court must consider four factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
> (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery";
> (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and
> (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

Harmon v. CSX Transp., Inc.  110 F.3d 364, 366 -367 (6th Cir. 1997) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-55 (6th Cir. 1988)).

At this point in the litigation, Plaintiff's repeated and persistent failure to participate in the discovery process in defiance of numerous Court orders must be considered willful.  Her conduct has prejudiced Defendants by depriving them of virtually all discovery in this case, which has been pending for more than eighteen months.  As noted in this Court's March 25, 2008 Memorandum Opinion and Order, Plaintiff has been warned on numerous occasions that

---

[1]  Federal Rule of Civil Procedure 41(b) further provides, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

her failure to comply with the Court's discovery orders would result in dismissal of this action. The Court has been extremely generous in granting many of Plaintiff's requests for extensions of time.  In the March 25, 2008 Order, the Court ordered Plaintiff, no later than May 15, 2008, to provide all initial disclosures, answer all outstanding interrogatories, and produce all documents previously requested by Defendants.  Plaintiff was specifically told that this was her "one final chance," and that her failure to comply with the Order would result in immediate dismissal of the lawsuit with prejudice.

Dismissal is a drastic sanction, but it is warranted in this case.  The Court has previously denied Defendants' motion to dismiss as a sanction for failure to cooperate in discovery, and has considered imposing other sanctions.  However, Plaintiff's financial status renders many other sanctions, such as a fine or an award of attorney's fees, ineffective.  Accordingly, Defendants' renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 37 (Record at 52) is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**


Date: June 19, 2008                                **/s/ John D. Holschuh**
                                                   John D. Holschuh, Judge
                                                   United States District Court